| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| John Reynaud, | § | |
|     Plaintiff, | § | |
| versus | § | Civil Action G-08-142 |
| Landry's Seafood House, | § | |
|     Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

   A restaurant fired its server because he wrongfully adjusted a guest's tip. The server says he was fired because he was black. Having no evidence of discrimination, the server will lose.

2. *Background.*

   For almost four years, John Reynaud served customers at the Landry's Seafood House-San Luis, Inc., in Galveston. Reynaud had a history of poor work, including not declaring all of his tips on his taxes, yelling at a customer, mis-allocating a credit card, excessive tardiness, unexcused absence at a mandatory staff meeting, and other server errors.

   In March of 2007, Reynaud was fired because he had added a $7.00 tip to a customer's credit card without permission – a violation of the restaurant's policy. Reynaud sued the restaurant, saying it had fired him because he was black. He says that three other workers who also adjusted tips were not fired. He assumes that they were treated differently because they are not black.

   Landry's moved for judgment, saying that Reynaud has no evidence of discrimination. After this court fully addressed his outstanding claims for two hours at the last status conference, Reynaud never bothered to respond to Landry's motion.

3.     *No Evidence.*

To prove discrimination, Reynaud must show that he is a member of a protected class, was qualified for his position, was adversely affected in his job, and was treated less favorably than similar workers outside his class. *See Okoye v. The Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

During the status conference, Reynaud said that Landry's treated Ann Greco – a Caucasian, Oscar Estrada – a Hispanic, and Gary Walton – a Caucasian, more favorably than him. Landry's does not dispute the first three elements of his charge. For the last one, the parties disagree. Reynaud says that all three – non-black – workers similarly erred but Landry's never fired them. Landry's says that it reprimanded the workers in the same fashion.

When Greco had missed the same mandatory meeting as Reynaud, Landry's warned her in writing. Landry's had also reprimanded Reynaud in writing when he missed the same meeting. Because they received the same punishment, Reynaud cannot prove that Landry's had singled out Reynaud because of his race.

Even though Landry's had fired Estrada for the same reason as Reynaud, the circumstances were different. Unlike Reynaud, Landry's had not trained Estrada how to apply a tip to a customer's account. When Estrada asked his manager for assistance in applying a tip, she just gave him her keycard instead of doing it for him – a company violation. Estrada or possibly another server later charged a tip that was two percent higher than the gratuity usually charged for a table of that size. Landry's immediately fired Estrada.

Estrada was later re-hired when Landry's could not prove that Estrada had intentionally entered a wrong tip. Because Landry's could not identify which worker had applied that tip and because its manager wrongfully delegated her authority to an untrained worker, the actions of Estrada and Reynaud are distinguishable and their consequences are unrelated.

Landry's admits that because both Walton and Reynaud had intentionally altered a tip, they are similarly situated. Fish Tales – a sister restaurant of Landry's – immediately fired Walton and recorded him as ineligible for re-hire. Three months later, Walton was re-hired at Landry's, but he was fired within two days – once Landry's had checked his re-hire eligibility. Because Landry's also did not allow Walton – a Caucasian – to work at its business after violating company policy, it did not treat Walton more favorably than Reynaud.

Reynaud has no evidence that Landry's had discriminated against him for his race. Landry's had a reasonable security program that detected when its workers fraudulently

overcharged its guests.  It applied that program to Reynaud, and he was fired.  Race was never a factor.

4.   *Conclusion.*

Because Landry's fired Reynaud for wrongfully adjusting a tip – not because of his race – John Reynaud will take nothing from Landry's Seafood House-San Luis, Inc.

Signed on December 24, 2008, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge